UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARTS CENTER AND THEATRE OF SCHENECTADY, INC.,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>MASSACHUSETTS BAY INSURANCE COMPANY,<br><br>　　　　　　　Defendant. | **PETITION FOR REMOVAL**<br>Civil Action No.<br><br>**1:23-cv-1312 (FJS/DJS)** |

　　　　MASSACHUSETTS BAY INSURANCE COMPANY ("MBIC"), defendant in the above-captioned matter, for purposes of removing this action from the Supreme Court of the State of New York, County of Schenectady, in which it is now pending, to the United States District Court, Northern District of New York, respectfully states, shows and petitions to the Court as follows:

　　　　1.　　__State Court Action__.　　This is an action commenced and filed on August 11, 2023 in New York State Supreme Court, County of Schenectady, Index No. 2023-1367, being a suit entitled and styled as ARTS CENTER AND THEATRE OF SCHENECTADY, INC., Plaintiff, -against- MASSACHUSETTS BAY INSURANCE COMPANY, Defendant.  A copy of the summons and verified complaint filed with the Schenectady County Clerk's Office is annexed hereto as **Exhibit A**. The state court action was filed and venued in Schenectady County, New York, within this Court's territorial jurisdiction.

　　　　2.　　__Federal Jurisdiction__.　　As alleged in the summons and complaint, the plaintiff is a domestic corporation doing business in the county of Schenectady and state of New York.

Defendant, Massachusetts Bay Insurance Company, is a foreign corporation organized and existing under the laws of the state of Massachusetts with a principal place of business in the state of Massachusetts.

As alleged in the summons and complaint, the amount in controversy is claimed to be "not less than $206,000", exclusive of interest and costs.  Accordingly, this Court has jurisdiction over this action based upon complete diversity of citizenship of the parties pursuant to 28 U.S.C. § 1332(a), and this civil action is one which may be removed pursuant to 28 U.S.C. § 1441.

3. <u>Timeliness of Removal Petition</u>.  The attached summons and complaint were served upon MBIC through its service of process agent, CT Corporation, on August 26, 2023 (**Exhibit B**).  Accordingly, removal of this action is timely under 28 U.S.C. § 1446(b), as it is made within 30 days after MBIC's agent's receipt of the summons and complaint.

**WHEREFORE**, defendant, Massachusetts Bay Insurance Company, respectfully requests that this action now pending in the Supreme Court of the State of New York, County of Schenectady, be removed therefrom to this Honorable Court and that this Court take and assume jurisdiction over this matter and issue such further orders and processes as may be necessary to the trial and conclusion thereof. This petition of removal is submitted and filed without waiver of procedural or substantive defenses which are or may become available to the defendant.

DATED:   Buffalo, New York
         October 26, 2023

_____
Roy A. Mura, Esq.
MURA LAW GROUP, PLLC
*Attorneys for Defendant*
930 Rand Building
14 Lafayette Square
Buffalo, New York 14203

(716) 855-2800
roy.mura@muralaw.com

TO: Jon E. Crain, Esq.
Anthony R. Bjelke, Esq.
WHITEMAN OSTERMAN & HANNA LLP
*Attorneys for Plaintiff*
One Commerce Plaza
Albany, New York 12260
(518) 487-7600
jcrain@woh.com
abjelke@woh.com

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SCHENECTADY

---

ARTS CENTER AND THEATRE OF
SCHENECTADY, INC.,

            Plaintiff,

-against-

MASSACHUSETTS BAY INSURANCE COMPANY,

            Defendant.

**SUMMONS**

Index No.:

---

TO THE ABOVE-NAMED DEFENDANT:

    YOU ARE HEREBY SUMMONED to answer the Verified Complaint in this action and to serve a copy of your Answer on Plaintiffs' attorney within twenty (20) days of the service of this Summons, exclusive of the date of service (or within thirty (30) days after service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or to answer, a Judgment will be taken against you by default for the relief demanded in the Complaint.

    Plaintiffs hereby designates Schenectady County as the place of trial pursuant to CPLR 503(a), where Plaintiff resides and/or have their principal place of business at the time this action was commenced.

Dated: August 11, 2023

            WHITEMAN OSTERMAN & HANNA LLP

By: _____
Jon E. Crain, Esq.
Anthony R. Bjelke, Esq.
*Attorneys for Plaintiff*
One Commerce Plaza
Albany, New York 12260
518-487-7600
jcrain@woh.com
abjelke@woh.com

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SCHENECTADY

---

ARTS CENTER AND THEATRE OF
SCHENECTADY, INC.,

                     Plaintiff,

       -against-

MASSACHUSETTS BAY INSURANCE COMPANY,

                     Defendant.

**VERIFIED COMPLAINT**

Index No.:

---

Plaintiff Arts Center and Theatre of Schenectady, Inc. ("Plaintiff"), by and through its attorneys Whiteman Osterman & Hanna LLP, by and for its Verified Complaint, alleges as follows:

### INTRODUCTION

1. This is an insurance coverage action. Plaintiff seeks a declaratory judgment that Defendant Massachusetts Bay Insurance Company, a part of the Hanover Insurance Group ("Defendant") is obligated to provide coverage for water damage to a historic organ, pursuant to a commercial general liability insurance policy (the "Policy") issued by Defendant. Plaintiff also asserts a claim for breach of contract, based on Defendant's failure and/or refusal to provide coverage as required by the Policy.

### THE PARTIES

2. Plaintiff Arts Center and Theatre of Schenectady, Inc. is a not-for-profit corporation organized under the laws of the State of New York with a principal place of business at 432 State Street, Schenectady, New York 12305.

3. Plaintiff owns and operates the historic Proctors Theatre ("Proctors" or the "Theatre") in Schenectady, New York. Proctors is the Capital Region's premiere destination for major Broadway shows, cutting-edge film festivals, and exciting special events.

4. Upon information and belief, Defendant Massachusetts Bay Insurance Company is a stock insurance company organized and operating under the laws of the State of Massachusetts with a principal place of business at 440 Lincoln Street, Worchester, Massachusetts 01653.

5. Upon information and belief, Defendant Massachusetts Bay Insurance Company is a subsidiary of the Hanover Insurance Group, Inc, a corporation organized under the laws of the State of Delaware with a principal place of business at 440 Lincoln Street, Worchester, MA 01653.

## JURISDICTION AND VENUE

6. This Court has personal jurisdiction over the Defendant pursuant to CPLR §302, as Defendant regularly transacts or transacted business within the State of New York, sells or sold the insurance Policy subject to this action in Schenectady County, New York, and Plaintiff's claims herein arise out of contracts with the Defendant for insurance coverage for a property located in the State of New York.

7. Venue is proper in Schenectady County, New York as this is the place of Plaintiff's principal place of business and the location of the insured property at issue.

## FACTUAL ALLEGATIONS

### Proctors Theatre

8. Proctors is the premiere venue in the Capital Region for a wide variety of stage and screen productions.

9. Originally built in 1926, and renovated significantly in the ensuing century, Proctors was named to the National Register of Historic Places in 1980.

10. In 2008 received an "Excellence in Historic Preservation" award in 2008 from the Preservation League of New York State.

11. One of Proctors' historic centerpieces is an original Wurlitzer organ, known affectionately as "Goldie" (the "Organ").

12. The Organ functions by blowing air through a series of pipes. This function is controlled by a keyboard which an organist uses to trigger an intricate series of valves which control the flow of air.

13. The various components of the Organ are housed in an organ chamber adjacent to the stage.

**The Policy**

14. Plaintiff purchased a commercial general liability policy from Defendant, policy number FDS D964677 02 (the "Policy"). A true and accurate copy of the Policy is attached hereto as **Exhibit A**.

15. The Policy was effective from July 1, 2021 to July 1, 2022.

16. Plaintiff paid all premiums owed under the Policy, and Defendant accepted those premiums.

17. Plaintiff has complied with all of its obligations under the Policy.

18. The Policy, a commercial package policy, includes coverage for commercial building and personal property damage.

19. The Policy provides that Defendant "will pay for direct physical loss of or damage to Covered Property at the premises . . . caused by or resulting from any Covered Cause of Loss."

20. The term "Covered Property" includes "Building, meaning ... (2) fixtures, including outdoor fixtures ... (3) permanently installed: (a) machinery; and (b) equipment."

21. The Policy defines "Covered Causes of Loss" here to mean "direct physical loss unless the loss is excluded or limited in this policy."

22. The Policy further states that if any "excluded cause of loss" enumerated in subsection B.2.d of the "Causes of Loss – Special Form" portion of the policy causes a "specified cause of loss" Hanover "will pay for the loss or damage caused by that specified cause of loss" (internal quotations omitted).

23. The Policy defines "specified causes of loss" to include "water damage."

24. The Policy, in relevant part, defines "Water Damage" as "accidental discharge or leakage of water or steam as the direct result of the breaking apart or cracking of a plumbing, heating, air conditioning, or other system or appliance ... that is located on the described premises and contains water or steam."

**Damage to the Organ**

25. On or about August 15, 2021, Proctors experienced a heavy rain and wind event which caused water damage to the Theatre.

26. In the course of investigating and remediating that water damage, Plaintiff discovered that there was also water damage to the Organ.

27. Following the discovery of water damage to the Organ, Plaintiff promptly provided notice to Defendant.

28. Defendant thereafter engaged Envista Forensics to investigate the loss, origin, and cause.

29. An investigation conducted by Envista Forensics associate Peter van der Spek estimated that the damage to the Organ would cost no less than $206,684.00 to repair. A copy of this report is attached hereto as **Exhibit B.**

30. Upon information and belief, the cost to repair the Organ is significantly greater.

31. Envista Forensics conducted further investigation in June and July 2022.

32. By correspondence dated January 20, 2023, Defendant denied coverage, claiming, based upon a report from Envista Forensics, that the water damage to the Organ was caused by an allegedly improperly maintained roof system, allegedly dislodged roof drain screens, and allegedly poor maintenance of the rubber roof membrane. A true and accurate copy of the disclaimer is attached hereto as **Exhibit C**.

33. The Envista Report, however, notes that "no clear path of water infiltration could be traced to the organ or its components" during Envista's inspection.

34. Further, as described above, subsequent investigation identified a break, crack, and/or defect in a water pipe located above the Organ components to be the actual source of the water damage to the Organ.

35. Plaintiff conveyed this information to Defendant, and attempted to resolve this coverage dispute with Defendant directly.

36. Defendant, after significant delay, declined to reconsider its determination denying Plaintiff coverage.

37. Defendant declined to issue an updated denial letter which addresses the discovery of this broken and/or cracked pipe.

38. No exclusionary clause in the Policy applies to bar coverage for Plaintiff with respect to the damage caused by the breaking apart or cracking of a pipe containing water above the organ components.

39. Further, no exclusionary clause in the Policy bars coverage for water damage caused by manufacturing defects and/or negligent construction/installation by third party contractors.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

40. Plaintiff restates and realleges the foregoing allegations as if fully set forth herein.

41. The Policy constitutes a valid and enforceable contract between the Plaintiff and the Defendant.

42. Plaintiff has timely made all premium payments to the Defendant and fully performed all of its obligations under the Policy.

43. Defendant is contractually obligated under the terms of the Policy to indemnify Plaintiff for property damage caused by a covered cause of loss.

44. The damage to the Proctors Theatre organ caused by the breaking apart of an overhead pipe and/or a manufacturing defect and/or negligence installation or construction by a third party contractor, constitutes a covered cause of loss under the Policy.

45. Defendant breached the Policy by failing and refusing to indemnify Plaintiff for its covered losses related to the Organ.

46. As a direct and proximate result of the Defendant's breach of the Policy, Plaintiff has suffered monetary damages and will continue to suffer monetary damages. The amount of

these damages will be determined at the time of trial, but in no event are the damages less than $206,000, plus interest and expenses thereon.

## SECOND CAUSE OF ACTION

### (Declaratory Judgment)

47. Plaintiff repeats and realleges the foregoing allegations as if fully set forth herein.

48. The Policy provides coverage for the water damage to the Organ.

49. Defendant nonetheless has disclaimed coverage, in breach of the Policy.

50. Unless the respective rights of the parties are declared by this Court, Plaintiff will be deprived of the benefits and protection provided for under the Policies.

51. A justiciable controversy thus exists, and Plaintiff has no adequate remedy at law.

52. Accordingly, Plaintiff is entitled to a declaratory judgment that the Policy provides coverage for the water damage to the Organ, and that Defendant is obligated under the Policy to provide indemnification for all costs related to such covered loss.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter Judgment in its favor against Defendant: a) as to the first cause of action, awarding economic and consequential damages against Defendant in an amount to be determined at trial, but in any event not less than $206,000 plus interest and costs, b) as to the second cause of action, awarding Plaintiff a declaratory judgment adjudging and declaring that the Policy provides coverage for the water damage to the Organ as a covered Cause of Loss, and that Defendant is obligated under the Policy to provide indemnification for all costs related to such covered loss, and c) granting Plaintiff such other and further relief as the Court deems just and proper.

Dated: August 11, 2023

WHITEMAN OSTERMAN & HANNA LLP

By: _____
Jon E. Crain, Esq.
Anthony R. Bjelke, Esq.
*Attorneys for Plaintiff*
One Commerce Plaza
Albany, New York 12260
518-487-7600
jcrain@woh.com
abjelke@woh.com

## VERIFICATION

STATE OF NEW YORK )
) ss.:
COUNTY OF ALBANY )

ANTHONY BJELKE, being duly sworn, deposes and says:

1. I am an attorney with Whiteman Osterman & Hanna LLP, attorneys for Plaintiff in this matter.

2. I have read the foregoing Verified Complaint and the same is true to my own knowledge, except those matters stated upon information and belief, and as to those matters, I believe them to be true. The basis of my belief is my review of the pertinent documents and information provided by my clients.

3. This verification is made by me, rather than my client because my client is not located within the same county as my office.

_____
ANTHONY BJELKE

Sworn to before me this
11th day of August 2023

_____
NOTARY PUBLIC

LAURA S MURRAY
Notary Public - State of New York
NO. 02MU6373196
Qualified in Albany County
My Commission Expires Jun 21, 2026

# EXHIBIT B



**CT Corporation**
**Service of Process Notification**
09/26/2023
CT Log Number 544802831

## Service of Process Transmittal Summary

**TO:** Jennifer Lauro, Vice President And Group Counsel
The Hanover Insurance Group
440 LINCOLN STREET
WORCESTER, MA 01653-0002

**RE:** **Process Served in New York**

**FOR:** Massachusetts Bay Insurance Company  (Domestic State: NH)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | ARTS CENTER AND THEATRE OF SCHENECTADY, INC. vs. MASSACHUSETTS BAY INSURANCE COMPANY |
| **CASE #:** | 20231367 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **PROCESS SERVED ON:** | C T Corporation System, New York, NY |
| **DATE/METHOD OF SERVICE:** | By Traceable Mail on 09/26/2023 |
| **JURISDICTION SERVED:** | New York |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/27/2023, Expected Purge Date: 10/02/2023

Image SOP

Email Notification,  Service of Process  ogclitmail@hanover.com

Email Notification,  Lance Arnott  sopverification@wolterskluwer.com |
| **REGISTERED AGENT CONTACT:** | Mara Velasco
28 Liberty Street
New York, NY 10005
800-448-5350
MajorAccountTeam1@wolterskluwer.com |
| **REMARKS:** | Documents were served upon the New York State Department of Financial Services on (09/21/2023) and forwarded to CT Corporation. |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.